No. 107,186

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KATHERINE DAVIS,
*Appellant.*

SYLLABUS BY THE COURT

1.

On the facts of this case, in which the district court announced at sentencing that it would consider the imposition of restitution at a specific later date, which was agreed to by the defendant, and restitution was imposed at that hearing with the defendant present, the district court had subject-matter jurisdiction to enter a restitution order.

2.

In a case in which the defendant stole goods from a retail merchant, the district court does not abuse its discretion in awarding restitution in the amount of the goods' retail value where that was the only value evidence presented and no other evidence convincingly showed that an award of the retail value would have been inappropriate.

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion on remand filed August 22, 2014. Affirmed.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, for appellant.

*Megan Massey*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., LEBEN and ARNOLD-BURGER, JJ.

LEBEN, J: This case is before our court for a second time. In a published opinion in 2013, *State v. Davis*, 48 Kan. App. 2d 573, 294 P.3d 353 (2013), we held that the district court did not abuse its discretion in awarding restitution in the amount of the retail value of goods Davis had stolen from a department store. Davis sought review by the Kansas Supreme Court of both whether the amount of restitution was appropriate and whether the district court had jurisdiction to enter a restitution award.

In May 2014, the Kansas Supreme Court granted Davis' petition for review, summarily reversed our decision, and remanded to us "for consideration in light of" three recent Kansas Supreme Court opinions: *State v. Hall*, 298 Kan. 978, 319 P.3d 506 (2014); *State v. Charles*, 298 Kan. 993, 318 P.3d 997 (2014); and *State v. Frierson*, 298 Kan. 1005, 319 P.3d 515 (2014). The order remanding the case to us did not mention the two separate matters on which Davis sought review (amount of restitution and jurisdiction), but the three cases mentioned primarily dealt with jurisdiction issues. After receiving the remand order, we asked the parties to address how, if at all, our prior decision should be reconsidered in light of *Hall*, *Charles*, and *Frierson*. Both parties addressed only the jurisdictional issue. We will therefore primarily address the district court's jurisdiction to enter its restitution order in this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to the *amount* of restitution Davis owed JC Penney are set out in full in our original opinion. *Davis*, 48 Kan. App. 2d at 577-78. But we did not address in our earlier opinion whether the district court had *jurisdiction* to enter its restitution award because, at the time, we considered the matter settled by our Supreme Court's decision in *State v. Cooper*, 267 Kan. 15, 16, 977 P.2d 960 (1999) (affirming district court's ability to

2

set restitution after sentencing when it held amount open at sentencing "to be determined" later). Accordingly, we need to set out here the facts related to the district court's jurisdiction to enter the restitution order.

At Davis' sentencing, when the issue of restitution was first discussed, the district court initially indicated that it was leaving open the determination of whether it would order Davis to pay restitution:

> "THE COURT: Court's going to be much more interested *if* a restitution order is entered to see that that restitution figure is paid [than it is in attorney fees]. We'll determine [restitution] after a hearing on the issue." (Emphasis added.)

The prosecutor then discussed with the court that any restitution must be a part of Davis' sentence:

> "MS. MALIN: What I have put in the journal entry, Your Honor, is on the costs ordered, I put on the restitution, I said, To be determined at the restitution hearing, and I put the date and time also there.
> "THE COURT: Sounds good.
> "MS. MALIN: So that indicates that you are actually ordering restitution if in fact there is going to be—it has to be part of this sentencing is my point.
> "THE COURT: Okay.
> "MS. MALIN: If you should determine an amount, it's ordered as part of this sentencing.
> "THE COURT: Anything else? Defense?
> "[Davis' Attorney] MS. JENSEN: I don't believe so, Your Honor."

The journal entry of sentencing stated that the "Total Restitution" was "to be determined at [a] Restitution Hearing." During the sentencing hearing, the court scheduled that hearing on restitution for July 21, 2011, at 1 p.m. Counsel for both parties agreed to the hearing time during the sentencing hearing.

3

At the restitution hearing, the court ordered Davis to pay JC Penney $1,168.

ANALYSIS

Our Supreme Court's holdings in *Hall*, *Charles*, and *Frierson* explain that a district court may order a defendant to pay restitution at the sentencing hearing and then determine the amount of restitution the defendant must pay at a later hearing. *Hall*, 298 Kan. 978, Syl. ¶ 2; *Charles*, 298 Kan. at 1002-03; *Frierson*, 298 Kan. 1005, Syl. ¶ 8. Going forward, the Kansas Supreme Court has instructed district courts that they can only retain jurisdiction to enter a restitution amount if they: (1) order a defendant to pay restitution at sentencing and communicate that obligation to the defendant; and (2) specifically order a continuance or bifurcation of the sentencing and restitution hearings. *Hall*, 298 Kan. 978, Syl. ¶ 2; *Frierson*, 298 Kan. at 1020-21; see *Charles*, 298 Kan. at 1002. But the court also recognized that the standard for maintaining jurisdiction prior to these 2014 decisions was "relatively lax" and that many common procedures used historically were acceptable for keeping open the district court's jurisdiction. *Charles*, 298 Kan. at 1002-03. For example, "holding open" jurisdiction for restitution could occur if the district court stated it was doing so on the record or if it accepted an agreement by the parties to hold a restitution hearing at a later date. *Frierson*, 298 Kan. at 1020-21. As the court put it in *Charles*, in order to postpone determining the amount of restitution a defendant owes, a district court had to do "more than *nothing*" to hold open its jurisdiction. 298 Kan. at 1002.

Not every attempt to hold open jurisdiction before 2014 was acceptable. For example, in *Charles*, merely writing on the journal entry—without commenting on it to the defendant or setting a further hearing before completing the sentencing hearing—that part of the restitution amount ordered at sentencing was left "to be determined" did not preserve a district court's jurisdiction. 298 Kan. at 1002-03.

4

Our task here is to decide whether the district court in Davis' case did enough to preserve jurisdiction. The district court here behaved in some ways like the district courts in both *Frierson*, in which the district court had proper jurisdiction to enter the restitution award, and *Charles*, in which it did not. In *Frierson*, the district court initially announced a restitution award and the amount at sentencing, but it then said it was holding the matter open for 30 days to allow the parties to attempt to reach an agreement on the amount. Within that time period, the judge entered a restitution order signed by Frierson's counsel. 298 Kan. at 1020-21. In *Charles*, the court made no clear statement that the defendant would have to pay restitution and didn't either explicitly hold the matter open or set a later hearing. 298 Kan. at 1002. In our case, although the court was not entirely clear that Davis would have to pay any restitution at all, it was clear that it was holding the matter open, it indicated in the journal entry of sentencing that the amount of restitution was "to be determined," and it set a further hearing with the agreement of the parties. The court in Davis' case acted more like the *Frierson* court in that it did "more than nothing" to preserve jurisdiction. See *Charles*, 298 Kan. at 1002.

Our conclusion is confirmed by Davis' response to the court's order on remand. There, she recognizes that the district court in her case took sufficient steps to maintain jurisdiction to enter a restitution order:

> "Ms. Davis acknowledges that at sentencing, the district court set a specific date for the restitution hearing, and restitution was imposed at the hearing on that date with Ms. Davis present, which was sufficient to retain jurisdiction prior to February 28, 2014, according to *Hall*, *Charles*, and *Frierson*."

We conclude that the district court had the subject-matter jurisdiction to enter its restitution order.

5

As we noted at the start of this opinion, our earlier decision in this case addressed whether the district court properly determined the amount of the restitution award. Our Supreme Court's grant of Davis' petition for review had the effect of rendering that earlier decision of "no force or effect." Supreme Court Rule 8.03(i) (2013 Kan. Ct. R. Annot. 74). Accordingly, there is no longer an effective appellate ruling on whether the district court erred in its determination of the restitution amount.

Neither party has suggested in its filing on remand that the *Hall*, *Charles*, or *Frierson* decisions had any impact on our ruling about that issue. While the *Hall* opinion did briefly discuss whether the amount of restitution awarded there was proper, 298 Kan. at 989-91, there is no similarity between the issue discussed there (whether a victim's relocation expenses may be recovered as restitution on a conviction for attempted rape) and the restitution issue in Davis' case. In our previous opinion, we stated as our holding that the retail value of goods stolen from a retail merchant may be awarded as restitution when that was the only evidence presented:

> "In a case in which the defendant stole goods from a retail merchant, the district court does not abuse its discretion in awarding restitution in the amount of the goods' retail value where that was the only value evidence presented and no other evidence convincingly showed that an award of the retail value would have been inappropriate." 48 Kan. App. 2d 573, Syl.

Later Kansas Supreme Court decisions do not suggest that our ruling on this issue in Davis' case was in error. See *State v. Hall*, 297 Kan. 709, Syl. ¶ 1, 304 P.3d 677 (2013) (holding that there is no bright-line rule favoring either retail or wholesale value in ordering restitution); *State v. Hand*, 297 Kan. 734, 304 P.3d 1234 (2013) (holding that district judge has discretion to base restitution award on increased insurance premium rather than fair-market value of stolen property). We reaffirm our ruling that the district court did not abuse its discretion by awarding restitution in the amount of the retail value

6

of the stolen goods, and we adopt by reference the explanation of that ruling contained in our previous opinion. See 48 Kan. App. 2d 573.

Before we close this opinion, we also note that the State filed a notice indicating that Davis has completed her probation and paid the court-ordered restitution. We nonetheless conclude that her appeal is not moot because had she been successful in her appeal of the restitution order, she may have been entitled to a refund of the amounts she had paid. We need not address that question, however, because we have found no error.

The district court's judgment is affirmed.