NOT DESIGNATED FOR PUBLICATION

No. 108,614

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARY M. HARKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 18, 2015. Affirmed in part and vacated in part.

*Caroline Zuschek* and *Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*: Pursuant to a plea agreement with the State, Mary M. Harkins pled guilty to aggravated battery and abuse of a child. She agreed "to pay all medical expenses for [the child] resulting from this offense . . . notwithstanding the lack of a formal 'restitution order' in this case as the nature of care and recovery may be ongoing." The plea agreement also contained a provision allowing the State to recommend that the court order her to register as an offender under the Kansas Offender Registration Act (KORA) for 10 years, and Harkins was free to argue against this recommendation.

1

Harkins moved for probation and the State concurred, but the district court denied the motion and sentenced Harkins to 60 months' imprisonment on the aggravated battery conviction and a concurrent 32 months' imprisonment on the abuse of a child conviction. The court ordered Harkins to register as an offender under KORA for a period of 10 years pursuant to K.S.A. 2011 Supp. 22-4902(a)(5), for "[a]n offense not otherwise required." The State sought $17,540.65 in restitution on behalf of CoventryCares of Kansas for the amount it paid for the child's medical treatment required for the injuries sustained in the aggravated battery. Harkins agreed to the amount of restitution. The court ordered her to pay $17,540.65 to CoventryCares. Harkins appeals.

*KORA*

Harkins argues that the district court did not have the authority to order her to register under KORA and that the "catch-all" portions of KORA relied on by the district court only allowed the district court to require registration for offenses that do not fall under other provisions of KORA if made as part of a probation order. She states that no other provision of KORA requires registration for her offenses of conviction. The State concedes this point on appeal.

Harkins acknowledges that she did not raise this issue before the district court, but she argues, and the State concedes, that the issue involves only a question of law arising on proven or admitted facts and is finally determinative of the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Accordingly, we will consider the issue using the standards expressed in *Phillips*; *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014); and *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

The court must apply the version of KORA in effect at the time of sentencing. *State v. Orange*, No. 108,806, 2014 WL 37688, at *10 (Kan. App.) (unpublished opinion), *rev. denied* 300 Kan. 1106 (2014). Here, the statute as amended in 2012 applies.

2

Aggravated battery and abuse of a child are not included in any of the specific provisions requiring registration under KORA. K S.A. 2012 Supp. 22-4902(a)(5), the "catch-all" provision relied on by the district court, defines an offender to include "any person required by court order to register for an offense not otherwise required *as provided in the Kansas offender registration act*." (Emphasis added.) The only provision of KORA that references K.S.A. 22-4902(a)(5) is K.S.A. 2012 Supp. 22-4906(i), which states:

> "Notwithstanding any other provision of law, *if a diversionary agreement or probation order, either adult or juvenile, or a juvenile offender sentencing order*, requires registration under the Kansas offender registration act for an offense that would not otherwise require registration as provided in subsection (a)(5) of K.S.A. 22-4902, and amendments thereto, then all provisions of the Kansas offender registration act shall apply, except that the duration of registration shall be controlled by such diversionary agreement, probation order or juvenile offender sentencing order." (Emphasis added.)

This provision applies only when the court has ordered registration as part of a diversion agreement, probation order, or juvenile offender sentencing. Harkins was denied probation, so this provision did not apply. Thus, the district court was without authority to order registration under KORA, and the registration order is vacated.

*Restitution*

Harkins argues that the district court erred in ordering her to pay restitution to CoventryCares for reimbursement of the child's medical expenses. She contends that "insurance companies do not experience actual loss, and . . . the insurance company was not the actual victim of her crime." Our review of this issue is unlimited. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

3

K.S.A. 2011 Supp. 21-6604(b)(1) states:

"In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, *damage or loss caused by the defendant's crime*, unless the court finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.)

*State v. Hand*, 45 Kan. App. 2d 898, 257 P.3d 780 (2011), *rev'd on other grounds* 297 Kan. 734 (2013), and *State v. Yost*, 232 Kan. 370, 654 P.2d 458 (1982), examined the statutory provision which authorizes the district court to order restitution as a condition of probation. The statute requires the district court to order "reparation or restitution *to the aggrieved party* for the damage or loss caused by the defendant's crime." (Emphasis added.) K.S.A. 2012 Supp. 21-6607(c)(2). In *Hand*, which cites to *Yost*, the court stated that an insurance company becomes a "secondary 'aggrieved party' in an amount tied to what the company has paid out under the victim's policy for the claimed loss." *Hand*, 45 Kan. App. 2d at 904.

Harkins argues that K.S.A. 2011 Supp. 21-6604(b)(1) only authorizes restitution to the victim and makes no mention of restitution to an "aggrieved party" as allowed under K.S.A. 2011 Supp. 21-6607(c)(2). But the "aggrieved party" language in K.S.A. 2011 Supp. 21-6607(c)(2) only applies when the court orders restitution as a condition of probation. Harkins was denied probation. K.S.A. 2011 Supp. 21-6604(b)(1) is the statute that applies to any person found guilty of a crime and it contains no reference to an "aggrieved party." Contrary to Harkins' assertion, nothing in K.S.A. 2011 Supp. 21-6604(b)(1) limits or otherwise defines for whom such restitution may be ordered. Causation is the controlling factor in this statute.

Harkins does not dispute the fact that she agreed to make reimbursement for the child's medical expenses, nor does she dispute that CoventryCares paid $17,540.65 for

4

these expenses. Had Harkins not committed this crime, CoventryCares would not have paid these necessary expenses caused by Harkins' criminal conduct. We find no merit in Harkins' argument. Under the statute, CoventryCares was entitled to reimbursement. The district court did not err in its restitution order.

*Apprendi*

Harkins argues that her sentence violates the Sixth and Fourteenth Amendments of the United States Constitution under *Apprendi v. New Jersey*, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the State did not include her prior convictions in its charging document and did not prove those convictions to a jury before the district court used those convictions to increase her sentence.

In *State v. Ivory*, 273 Kan. 44, 45-46, 41 P.3d 781 (2002), our Supreme Court rejected the argument Harkins makes here. We are duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Because the Kansas Supreme Court has repeatedly declined to reconsider this point of law, we have no reason to believe that the court is departing from its holding in *Ivory*. See *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014); *State v. Brown*, 300 Kan. 565, 590, 331 P.3d 797 (2014). Accordingly, this contention fails.

Affirmed in part and vacated in part.