NOT DESIGNATED FOR PUBLICATION

No. 116,431

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN R. BILLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed September 22, 2017. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: On October 14, 2015, Steven Bills was charged with felony DUI, felony interference with a law enforcement officer, and driving with a suspended license. Bills pled guilty to felony driving under the influence (DUI) and felony interference with a law enforcement officer on March 28, 2015. Pursuant to the plea, the State dismissed the charge of driving with a suspended license.

In the plea agreement, the State asked for $30,365.15 in restitution. From that amount, $1,000 was to reimburse the victim for his insurance deductible. The remaining

1

amount was to go to the insurance company that paid on the victim's claim for medical expenses and vehicle expenses. Bills did not agree to pay any amount of restitution in the plea agreement.

At a hearing on May 11, 2016, Bills stated he would agree to the $1,000 in restitution, however he contested the remaining amount of restitution sought by the State. The district court continued sentencing to a later date.

A sentencing hearing was held on June 14, 2016, and the State proffered that Bills was obligated to pay the entire amount of requested restitution because he crashed into the victim's vehicle while driving under the influence of alcohol. The victim had submitted a claim to his insurance company to cover his medical expenses and the damage to his vehicle. Bills argued against awarding restitution to the insurance company as it would be more appropriate for the insurance company to seek a civil remedy.

The district court imposed a 15-month prison sentence and a concurrent 12-month jail sentence. In addition, the court imposed 12 months of postrelease supervision and a $1,750 fine. Because the parties could not agree on a restitution amount, the court continued the case for a restitution hearing.

At the restitution hearing on June 23, 2016, the district court imposed the restitution amount requested by the State—$30,365.15. The court specifically found that Bills' DUI had caused the car accident, which resulted in the damages requested in the restitution. The court stated there was a causal connection between the crime of DUI and the restitution requested.

On appeal, Bills argues the district court ordered restitution for damages that were not directly caused by his crimes of conviction.

K.S.A. 2016 Supp. 21-6604(b)(1) requires that any restitution ordered in a criminal case must be based on "damage or loss caused by" the crime. Thus, restitution depends upon the establishment of a causal link between the defendant's crime and the victim's damages. *State v. Alcala*, 301 Kan. 832, 837, 348 P.3d 570 (2015). Restitution for tangential costs incurred as a result of a crime is not without limitations, but some tangential expenses can be recovered through restitution. 301 Kan. at 837-39. Restitution can involve three standards of review. The district court's factual findings of the causal link between the crime committed and the victim's loss will be affirmed if those findings are supported by substantial competent evidence. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016).

The district court's authority to order restitution in a criminal case is established by K.S.A. 2016 Supp. 21-6604(b)(1), which allows the court to order the defendant to pay restitution as part of the sentence. K.S.A. 2016 Supp. 21-6607(c)(2) allows the court to order restitution payments as a condition of probation and provides that restitution may be ordered "for the damage or loss caused by the defendant's crime." While these two statutes differ slightly as to what costs may be ordered, they were enacted together and are closely related and therefore should be construed together. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 919, 349 P.3d 469 (2015).

Bills argues *State v. Miller*, 51 Kan. App. 2d 869, 355 P.3d 716 (2015), indicates that there is no causal relationship between his crime of conviction and the restitution ordered by the district court. He states his DUI conviction established that he "(1) operated, or attempted to operate, a vehicle; (2) while under the influence of alcohol to an extent that rendered him incapable of safely operating the vehicle." The mere operation of his vehicle did not cause the damages that resulted from the car accident. Bills argues that because the elements of his DUI do not require proof of a car accident, the restitution amount was not causally related to his crime of conviction.

3

Before looking at *Miller*, there are several cases that are helpful regarding how district courts should award restitution. In *State v. Goeller*, 276 Kan. 578, 77 P.3d 1272 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), Goeller pled guilty to one count of felony possession of methamphetamine, one count of felony possession of marijuana, and a no contest plea to one count of misdemeanor DUI. Goeller fell asleep at the wheel and crossed the center line when he hit the victim's car. The victim suffered serious injuries. Goeller was ordered to pay the victim restitution in the amount of $1,000 a month during his 12 months of postrelease supervision. The victim testified the accident caused him to incur $130,000 in medical bills and caused him and his wife a wage loss of $8,000. Goeller focused on the phrase "caused by the defendant's crime" under the statute and argued none of his crimes of conviction caused the victim's injuries. Instead, he argued the injuries were actually and proximately caused by his driving left of center and that charge was dismissed.

The *Goeller* court found that the victim had suffered injuries because of the collision with Goeller's car and, while Goeller's DUI no contest plea may not have been an admission that he was driving recklessly at the time of the accident, the evidence underlying the plea provided circumstantial proof of the causal connection needed to satisfy the restitution statute. 276 Kan. at 582-83. The blood sample demonstrated the presence of drugs in Goeller's system. 276 Kan. at 583. Our Supreme Court held that the district court's factual findings of the causal link between Goeller's unlawful conduct and the victim's injuries were supported by substantial competent evidence that a reasonable person might accept as sufficient to support the conclusion. 276 Kan. at 583. Bills concedes the weight of the *Goeller* precedent.

In *State v. Hall*, 298 Kan. 978, 319 P.3d 506 (2014), Hall pled guilty to attempted rape, attempted second-degree murder, and aiding a felon. At the sentencing hearing, the district court judge ordered Hall to pay more than $32,000 in restitution, including $469 for relocation expenses the victim of the rape incurred. Hall appealed the order of

4

restitution and argued the victim's relocation expenses were not caused by his crime and, therefore, were improper under K.S.A. 21-4603d(b)(1), now K.S.A. 2016 Supp. 21-6604(b)(1). The Court of Appeals affirmed the restitution order. 298 Kan. at 979.

On appeal to the Kansas Supreme Court, Hall focused on the "damage or loss caused by the defendant's crime" language under K.S.A. 21-4603d(b)(1) and asserted that the relocation costs did not fit within the statute. The court looked at *State v. Hand*, 297 Kan. 734, 739, 304 P.3d 1234 (2013), which states there is no requirement that the damage or loss be directly caused by the defendant's crime. *Hall*, 298 Kan. at 990. In *Hand*, the victim's increased insurance premium was a result of the victim having made a claim with his homeowners' policy because of the defendant's theft of property. There, it was appropriate to include the amount of the insurance premium increase in the restitution. 297 Kan. at 740.

In *Hall*, the district court heard testimony that law enforcement recommended the victim relocate for her safety and to save her from possible harm, as Hall was a maintenance worker at her apartment complex, which was where the attack took place. The Kansas Supreme Court stated the relocation expenses could therefore be regarded as caused by Hall's crime of attempted rape and there was substantial competent evidence to support the causation determination. 298 Kan. at 991. The *Hall* court held that the restitution award was proper under K.S.A. 21-4603d(b)(1), even if it required a causal link to the defendant's crime. 291 Kan. at 991.

In *Miller*, 51 Kan. App. 2d 869, Miller appealed the district courts order that he pay $4,700 in restitution for plumbing and electrical repairs to the owner of a home where Miller committed burglary and theft. However, restitution can only be ordered when the damages or losses are caused by the defendant's crimes of conviction or when a defendant agrees to the restitution in a plea agreement, neither of which applied to the plumbing or electrical damage. 51 Kan. App. 3d at 869.

5

Miller pled guilty to stealing a machete and baby powder but not plumbing or electrical items. Because the theft conviction involved only the theft of those items, not the copper piping or wiring, it could not support the restitution award. Burglary is the unauthorized entering into or remaining within a dwelling with the intent to commit theft, not damage to property or theft itself. 51 Kan. App. 3d at 869. To the extent that Miller may have damaged the property by entering it without authority, restitution may be awarded for that damage because it would have been caused by the act of burglary. 51 Kan. App. 3d at 873. However, entering and remaining in the dwelling does not by itself cause the loss of copper piping or wiring. 51 Kan. App. 3d at 873. Therefore, the district court went beyond its authority in ordering the restitution. 51 Kan. App. 3d at 874.

Here, it is clear the restitution award was supported by substantial competent evidence. All of the above cited restitution cases require a causal connection between the crime of conviction and the restitution owed. See *Hall*, 298 Kan. at 991; *Hand*, 297 Kan. at 734-35; *Goeller*, 276 Kan. at 583; accord *State v. Futrell* 53 Kan. App. 2d 272, 280, 387 P.3d 176 (2016), *petition for rev. filed* January 9, 2017. In line with these cases, as well as the statute, Bills' DUI caused the car accident, which resulted in the damages requested in the restitution. Had Bills not been driving under the influence, he would not have hit the victim's vehicle and caused the medical and vehicle expenses.

Affirmed.