NOT DESIGNATED FOR PUBLICATION

No. 124,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KARIE LANE MARTIN MCBRIDE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed December 30, 2022.
Affirmed.

*Emily Brandt* and *Bryan Cox*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Karie Lane Martin McBride violated his probation by failing to pay restitution as ordered by the district court. He now appeals, arguing the restitution portion of his sentence should be vacated because the district court lacked jurisdiction to impose restitution at a separate hearing. Because we find that the district court properly continued sentencing to determine the amount of restitution, it retained jurisdiction to do so. As a result, we affirm.

FACTUAL AND PROCEDURAL HISTORY

After being arrested and charged with fleeing from police in a vehicle he did not own, McBride ultimately pled no contest to two counts of fleeing and eluding law enforcement. Under the plea agreement, McBride acknowledged he would "pay restitution if requested [by the State] . . . and that the sentencing for this case will not be considered as complete until such time as restitution is assessed by the Court or agreed upon by the parties."

At sentencing the parties asked the district court to follow the plea agreement as to the length of sentence by imposing consecutive sentences of 15 and 7 months—for a total controlling sentence of 22 months—and McBride argued for a dispositional departure. The State also asked the court to impose "standard costs," and for the court to impose total restitution of $12,585.03 for damage to the vehicle McBride used to commit his crimes, but noted "[m]aybe it wasn't agreed upon, but it was indicated that the State will request it."

McBride's counsel opposed the amount of restitution, noting that the plea agreement left restitution up to the agreement of parties or as assessed by the court. Defense counsel explained that McBride would agree to $2,845.08 in restitution because he believed that to be the amount of damage caused by his offenses. Defense counsel asked the court to consider holding a separate evidentiary hearing to determine the amount of restitution and "reserve jurisdiction for that purpose and pronounce sentence today." The State responded, "I think that the court can keep restitution open as long as it's clear for today's journal entry that sentencing is not complete," and that since the parties disagreed on the amount, holding a separate hearing for restitution was "the best thing to do."

After the district court asked for clarification of part of the State's restitution request, defense counsel offered to provide a copy of a letter he had sent to the State detailing the agreed-upon amounts. The court said, "That's okay. If we're going to have a separate hearing, then we'll reserve all that for a different time. I just wanted to help put the State on notice to what the issues are, and you're telling me you have already done that." The court then allowed McBride to make an allocution before imposing sentence.

Although the district court followed the plea agreement as to the individual prison terms, the court decided to order the sentences to run concurrent for a total controlling prison sentence of 15 months. The court also agreed to grant McBride's request for a dispositional departure and ordered him to serve a 12-month probation term. The court ordered McBride to pay court fees and costs, including the full amount of Board of Indigents' Defense Services attorney fees, but stated:

> "[J]ust to be clear on the issue of restitution, the court is going to hold off on that and we need to schedule a restitution hearing is what it sounds like. So I will leave the sentencing open knowing that the restitution is going to be determined by the court at a future date."

After advising McBride of his right to appeal, the district court then discussed scheduling an evidentiary hearing for restitution. After inquiring how much time the State would need, the court said, "Okay. We'll get something scheduled and be in touch[,]" and closed the hearing. Immediately following the hearing, the court entered a minute sheet order reciting only the length of McBride's sentence.

McBride began serving his probation term the day of sentencing. He signed an order of intensive supervision probation, which included monthly payment of costs "assessed by the Court" as a probation condition, listing the fees in the amounts imposed at the hearing but listing restitution as "$TBD."

3

As promised, the district court scheduled a restitution hearing for about a month later. The day before that hearing, the State requested a continuance so that the parties could "attempt[] to resolve the issue of restitution without the need for a hearing." The court granted the continuance and entered an order—which was approved by McBride's counsel—specifying the "matter will be reset, if necessary, to a date and time agreed to by the Court and the parties."

The district court held the restitution hearing approximately three months after the first sentencing hearing. McBride waived his right to be personally present and appeared by Zoom, while the attorneys were present in the courtroom. The court began by confirming with counsel "that we have previously done the sentencing . . . [a]nd at this time we continued it for the issue of restitution." The court also noted that it had imposed court costs and fees "when we completed the sentencing."

The parties presented evidence and called witnesses. In short, the State's witnesses testified that the vehicle McBride used to flee from the officers suffered both cosmetic and mechanical damage resulting in a total insurance claim of $12,585.03, with the vehicle's owner having paid a $500 deductible. McBride agreed that the vehicle suffered cosmetic damages of $2,845.08 but disputed whether he caused the mechanical damage to the vehicle.

After considering the parties' arguments, the district court found there was substantial and competent evidence to support ordering the full amount of restitution requested by the State. After noting that McBride had about eight months left on his probation term, the court said that requiring McBride to pay $1,500 a month "is not going to be workable." After consulting the parties, the court decided to order McBride to pay restitution "in full prior to the termination of probation." The court again advised McBride of his right to appeal the sentence, noting "that's going to be from today, right, since we're talking about the restitution issue?" Following the hearing, the court filed the

4

journal entry of sentencing, which showed two dates under sentencing: "10/9/2020" and "02/01/2021 (Restitution Hearing)."

Eight months later, as McBride's probation was ending, his probation officer filed a violation report and affidavit, listing McBride's failure to make monthly payments as the only alleged violation, noting that he still owed the full amount of restitution imposed. McBride admitted he had made no restitution payments during his probation term. The State recommended the court reinstate and extend probation for another 12 months, while McBride asked the court to consider sending the unpaid amount of restitution to collections and allow his probation to terminate. The court decided to extend McBride's probation for 12 months.

McBride timely appealed.

ANALYSIS

McBride argues that the district court imposed an illegal sentence when it ordered him to pay restitution at a separate hearing without explicitly bifurcating or continuing sentencing to retain jurisdiction. Although he is appealing from the order extending his probation, he is challenging the legality of his sentence for the first time on appeal.

While typically appellants cannot raise new issues on appeal, "certain issues, such as subject matter jurisdiction or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); see K.S.A. 2021 Supp. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."). Restitution is part of a defendant's sentence. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014); see also *State v. Eubanks*, 316 Kan. 355, 360, 516 P.3d 116 (2022) (considering illegal

5

sentence challenge based on restitution order for first time on appeal). As a result, McBride can challenge the legality of his restitution order on appeal for the first time.

Whether a sentence is illegal as defined by K.S.A. 22-3504 presents a question of law over which we exercise unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). Relevant to this appeal, Kansas law defines an illegal sentence in part as one "[i]mposed by a court without jurisdiction." K.S.A. 2021 Supp. 22-3504(c)(1). Since McBride's argument relates to jurisdiction, that determination also presents a question of law subject to unlimited review. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019).

McBride claims his sentence is illegal because the district court lacked jurisdiction to impose restitution after the first hearing. As support, he relies on a trio of cases issued by the Kansas Supreme Court in 2014: *Hall*, 298 Kan. 978; *State v. Frierson*, 298 Kan. 1005, 319 P.3d 515 (2014); and *State v. Charles*, 298 Kan. 993, 318 P.3d 997 (2014).

In *Hall* and *Frierson* our Supreme Court held that "[b]ecause restitution constitutes a part of a defendant's sentence, . . . [u]ntil any applicable restitution amount is decided, a criminal defendant's sentencing is not complete." *Hall*, 298 Kan. 978, Syl. ¶ 1; *Frierson*, 298 Kan. 1005, Syl. ¶ 7. Yet in reaching that holding, the court recognized it was still possible for the sentencing court to hold a separate hearing to establish restitution and retain subject-matter jurisdiction over sentencing, explaining that courts must "specifically order the continuance or bifurcation" so that it may decide restitution at a later hearing. *Hall*, 298 Kan. 978, Syl. ¶ 2; *Frierson*, 298 Kan. 1005, Syl. ¶ 8.

In both cases, the Kansas Supreme Court upheld the restitution orders for similar reasons. At the sentencing hearing in *Hall*, the district court ordered restitution to remain open for 30 days at the State's request but did not hold a restitution hearing until 81 days later. At that hearing, Hall and his counsel were both present. Although the Kansas

Supreme Court disfavored allowing a "functional continuance" in this way, the court nonetheless upheld the restitution order imposed at the second hearing. *Hall*, 298 Kan. at 987.

Similarly, in *Frierson*, the district court imposed an initial amount of restitution based on a theft but held restitution open for 30 days with the agreement of the parties so they could settle on the correct amount for injuries sustained by the victim. Within that time but without holding a hearing, the court entered a restitution order which defense counsel signed. On appeal, the Kansas Supreme Court upheld the restitution order, explaining that "we are satisfied that the spirit, if not the letter, of the procedure we set out for future cases in *Hall* was satisfied." *Frierson*, 298 Kan. at 1021.

Unlike these decisions, the Kansas Supreme Court vacated the restitution order in *Charles*. In that case, the district court announced at sentencing that restitution "'as contained within the presentence report will be ordered,'" without realizing that the PSI report detailed specific restitution amounts for some victims but listing the amount for one victim as "'to be determined.'" *Charles*, 298 Kan. at 995. The defendant promptly appealed and nearly a month later the court entered a restitution order requiring the defendant to pay the specific amounts listed in the PSI but also setting an amount for the restitution owed to the remaining victim. On appeal, the Kansas Supreme Court found that the *Hall* and *Frierson* decisions compelled it to vacate the restitution ordered for the remaining victim because the district court did "nothing" to preserve jurisdiction or hold sentencing open. 298 Kan. at 1002 (noting there are no "'magic words'" needed to continue sentencing but doing "more than *nothing* has nevertheless been the rule"); see also *State v. Davis*, 50 Kan. App. 2d 725, 727-28, 333 P.3d 190 (2014) (upholding restitution order where court stated restitution was "'to be determined'" at a later hearing on initial journal entry).

7

McBride's argument hinges on his belief that the district court did not do enough at the October 2020 hearing to preserve jurisdiction over restitution, by using imprecise language and not explicitly ordering a continuance or bifurcating the sentencing as anticipated in *Hall* and *Frierson*. The State responds that the record shows the parties and court agreed that restitution would be addressed by the court at a later hearing, and that the court stating there would be a "'separate hearing'" on restitution is the "functional equivalent of bifurcating the sentencing hearing."

Put simply, the procedures taken by the district court here more closely align with the facts of *Hall* and *Frierson* than *Charles* and show the court did enough to preserve jurisdiction. Although the court closed the first hearing without stating a specific timeline for addressing restitution—like the 30-day extensions in *Hall* and *Frierson*—the record shows that everyone knew McBride's sentencing would not be complete until restitution was resolved. At the request of both parties, the court explicitly stated it would "leave the sentencing open knowing that the restitution is going to be determined by the court at a future date." Likewise, McBride agreed to pay restitution in the plea agreement and his signed probation order reflected that the amount of restitution was "$TBD." Moreover, McBride never objected to any perceived delays in scheduling the restitution hearing and fully participated in the restitution hearing as if he understood his sentence was not yet complete. In sum, the district court here did "more than nothing" to preserve jurisdiction over restitution. See *Charles*, 298 Kan. at 1002.

As a final note, McBride also mentions that the district court advised him of his right to appeal the sentence after the first hearing and suggests that this fact demonstrates his sentence became a final and effective judgment at that time. The Kansas Supreme Court directly addressed this argument in *Hall* by holding that "a premature notice of appeal that seeks review of a conviction and sentencing yet to be completed lies dormant until final judgment including the entire sentence is pronounced from the bench." *Hall*, 298 Kan. at 988. Thus, even if McBride had filed a notice of appeal right after the first

8

hearing—which he did not do—the district court's erroneous recitation of the notice of appeal deadline would not have changed the outcome here.

For these reasons, we conclude that the district court had the subject-matter jurisdiction to enter its restitution order at a second hearing. Thus, we affirm McBride's sentence.

Affirmed.