(777 P.2d 857)

No. 62,161

STATE OF KANSAS, *Appellee*, v. MARK A. HINCKLEY, a/k/a DARREL G. FLEMING, *Appellant*.

Opinion filed February 17, 1989.

*Reid Nelson*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Mike Ward*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., DAVIS, and LARSON, JJ.

ABBOTT, C.J.: This is an appeal by the defendant, Mark A. Hinckley, also known as Darrel G. Fleming, from the trial court's order to pay restitution following his pleas of nolo contendere to two counts of burglary and two counts of felony theft.

Hinckley was ordered to pay restitution in the amount of $12,721.24, if so ordered as a condition of his release or parole. Hinckley contends the trial court erred by ordering restitution in

this case because the evidence offered by the State went solely to the replacement value of the stolen property at the time it was replaced, rather than the actual value of the property at the time it was stolen.

K.S.A. 21-4610(4)(a) provides that in addition to any other conditions of probation, suspension of sentence, or assignment to a community correction program, the court shall order the defendant to "[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

The sentencing court has substantial discretion in determining the conditions of probation, just as the court does when imposing other aspects of the sentence. See *State v. Yost*, 232 Kan. 370, 374, 654 P.2d 458 (1982), *rev'd on other grounds State v. Haines*, 238 Kan. 478, 712 P.2d 1211 (1986); *State v. Jones*, 11 Kan. App. 2d 428, 430, 724 P.2d 146 (1986). It is clear from the language of the statute that the sentencing court also has substantial discretion when ordering the amount of restitution. Judicial discretion is abused when no reasonable person would take the view adopted by the trial court. *State v. Massey*, 242 Kan. 252, 264, 747 P.2d 802 (1987).

Here, the sentencing court conducted a lengthy restitution hearing. Unfortunately, the owner of the property was not asked, and did not express, an opinion as to the fair market value of the property at the time of its taking or loss. The owner did express an opinion that would be acceptable as to the jewelry. The only evidence presented went to the replacement value of the items and that was calculated as of the date the items were replaced.

Our Supreme Court has already held that our statutory language referring to the "aggrieved party" extends to a secondary or tertiarily aggrieved party. We are equally satisfied from the language of *State v. Yost*, that the measure of damage is that loss suffered by the victim of the crime and that an insurer, who has assumed a contractual obligation to pay a sum of money in excess of the amount of damage suffered by the victim as a result of the criminal conduct, cannot recover under K.S.A. 21-4610(4)(a). Other states have held that the amount of restitution is to be

based on general damage principles and cannot be established by showing what it costs to replace each item with a new article. See, for example, *Norman v. State,* 468 So.2d 1063 (Fla. Dist. App. 1985), and *People v. Ensley,* 477 N.E.2d 760 (Ill. App. 3d 1985).

We do not mean to imply that the same rigidness and proof of value that lies in a civil damage suit applies in a criminal case. Legislative intent is that restitution should make victims whole and provide both deterrents and rehabilitation to the person who commits the crime. The trial court would not abuse its discretion in making the victim whole by ordering restitution equal to the victim's loss.

In the case before us, the sentencing court heard evidence of physical damage caused by the break-ins, and we have no quarrel with the trial court's determination of the amount of restitution awarded for that physical damage. Our quarrel goes to that part of the restitution for which the trial court had no evidence of value other than the cost of a new replacement, less fifteen percent of that cost.

The trial court had no basis to determine that the measure of damages in this case was the new replacement cost, less fifteen percent. Apparently, because one of the insurance adjusters testified it cost fifteen percent more to insure for replacement cost than for fair market value, the fifteen percent figure was used. Our decision is based on the fact that the trial court did not have evidence in the record to support the amount ordered for restitution. The sum ordered clearly requires the defendant to pay a sum of money in excess of the amount of damage his criminal conduct caused the victim.

It may well be that upon remand, the trial court will arrive at the same judgment and, perhaps, a greater figure if the evidence warrants it. Certainly, the owner is qualified in Kansas to express an opinion as to the value of the items taken at the time of the theft. It then becomes a question of fact for the trial court as to whether it accepts that testimony or some lesser amount. The owners did not express an opinion in this case as to the fair market value of the items taken, plus any other allowable costs incurred in connection with the burglaries and thefts. Thus, we hold the trial court erred in ordering restitution in the amount of $12,721.24.

We vacate the amount of restitution ordered and remand for a second restitution hearing to determine the amount of restitution to be awarded, pursuant to this opinion.