(77 P.3d 502)
No. 89,409

STATE OF KANSAS, *Appellee*, v. BRYAN RHODES, *Appellant*.

—

Opinion filed October 3, 2003.

*Matthew J. Edge*, assistant appellate defender, for the appellant.

*James L. Spies*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Phill Kline*, attorney general, for the appellant.

Before MALONE, P.J., PIERRON and GREEN, JJ.

PIERRON, J.: Bryan Rhodes appeals the restitution order entered following his conviction for nonresidential burglary and attempted theft.

Rhodes and his brother were caught red-handed removing a couch from an unoccupied house. They dropped the couch and ran. Melinda Gontarek was the owner of the property in the unoccupied house. Her father owned the house, and her grandmother lived next door and was the person who caught Rhodes.

Rhodes plead guilty to nonresidential burglary and attempted theft. The court ordered Rhodes to pay restitution in the amount of $6,145. Rhodes objected to the amount of restitution and requested a hearing. Gontarek testified that she inventoried the personal property after the burglary and itemized all the missing property. Gontarek could not produce receipts or written estimates for all the property, but she testified she recalled the specific amounts she paid for the stolen items or she took steps to determine the property's value. The trial court affirmed its previous restitution order of $6,145.

Rhodes argues the trial court abused its discretion by ordering restitution in excess of fair market value and that the amount of restitution was not based on reliable evidence. We agree.

The sentencing court has substantial discretion when ordering the amount of restitution. *State v. Hinckley*, 13 Kan. App. 2d 417, 418, 777 P.2d 857 (1989). The method of determining the amount of any required restitution is a matter within the discretion of the trial court. *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993). "Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure." *State v. Casto*, 22 Kan. App. 2d 152,154, 912 P.2d 772 (1996).

K.S.A. 2002 Supp. 21-4610(d)(1) says the trial court shall order a defendant to make restitution to the aggrieved party for the damage or loss caused by the crime, in a manner and amount determined by the court.

In *Hinckley*, the defendant pled nolo contendere to two counts each of burglary and felony theft but later appealed the amount of restitution. The State offered evidence of the replacement value of the stolen property rather than the actual value of the property at the time it was stolen. We reversed the sentencing court's restitution order because the "sum ordered clearly requires the defendant to pay a sum of money in excess of the amount of damage his criminal conduct caused the victim." 13 Kan. App. 2d at 419.

In *State v. Applegate*, 266 Kan. 1072, 976 P.2d 936 (1999), the State appealed the district court's finding that a settlement in a civil suit fulfilled the defendant's criminal restitution obligation. The court concluded that the district judge had not abused his discretion in finding that the civil settlement satisfied defendant's restitution requirement. 266 Kan. at 1080.

In *Applegate*, this court reviewed the Arizona case of *State v. Iniguez*, 169 Ariz. 533, 821 P.2d 194 (1991). In *Iniguez*, the Arizona Supreme Court upheld the trial court's determination that the Arizona restitution statutes should fully compensate the victim for economic loss but should not bestow a windfall on the victim. " 'Because a primary purpose of restitution is to make the victim

whole, and the other aim of restitution is rehabilitative rather than punitive, payment beyond that necessary to compensate does not serve the Legislature's purposes.' 169 Ariz. at 537." 266 Kan. at 1076-77. "The measure of reparation or restitution to be ordered, pursuant to K.S.A. 21-4610(d)(1), is the amount that reimburses the victim for the actual loss suffered." 266 Kan. at 1079.

Here, Gontarek testified that following the burglary, she inventoried all the property in the unoccupied house and produced a list of all the missing items. As to the value of the property, Gontarek's testimony was strictly to replacement value and not market value. For example, she used the price of the bread machine her father paid a year earlier; she used the price of a new television at the store to replace the 5- to 10-year-old color television; she used the cost of replacing the entertainment shelves; and she used the cost of replacing the Halloween figures she bought 2 months earlier. The George Foreman Grill was new and not removed from the box. There was no evidence how she valued the Magic Chef microwave, Magnovox VCR, 2-month-old personal computer system, figurines, TV cart, four-drawer dresser, pantry cabinet, computer desk, and picture frames. If any testimony was given on these items, it was a description of the item and how much she paid for it or the cost of replacing it.

Gontarek's testimony purported to be based on the fair market value of the stolen items. However, the evidence clearly showed that this value was based on the replacement cost of the items. Under Kansas law, Gontarek is permitted to express her opinion as to the fair market value of the items. See *Hinckley*, 13 Kan. App. 2d at 418. However, Gontarek often used replacement cost or the original purchase price of an item to determine its value. From the evidence presented, it may be that the restitution order is appropriate. However, the district court had no basis to determine the fair market value of many of the goods upon which the restitution order was based. Therefore, even though Gontarek did properly testify as to the fair market value of some of the items, the district court abused its discretion in ordering restitution in the amount of $6,145 because a portion of that amount was calculated in reliance upon replacement cost rather than fair market value.

We reverse and remand for redetermination of the restitution order to be based solely upon fair market value.

Reversed and remanded with directions.