(143 P.3d 417)

No. 95,887

STATE OF KANSAS, *Appellee*, v. BARBARA J. MALONEY, *Appellant*.

Opinion filed October 6, 2006.

*Stephen B. Chapman*, of Chapman & White, LLC, of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., MALONE and HILL, JJ.

MALONE, J.: Barbara J. Maloney appeals the district court's restitution order imposed following her felony theft conviction. The

district court ordered Maloney to pay $9,395 in restitution for various items of household goods taken by Maloney in the theft. Maloney claims the district court erred in calculating restitution based on the replacement cost of the stolen property rather than its fair market value. We hold that when there is no readily ascertainable fair market value for personal property taken in a theft, the district court may consider other factors in determining restitution, including the purchase price, condition, age, and replacement cost of the property, as long as the valuation is based on reliable evidence which yields a defensible restitution figure.

On July 1, 2004, Maloney entered an *Alford* guilty plea to two counts of felony theft. See *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). One of the counts involved the theft of various items of household goods belonging to Mary Beth Eyen. The household goods had been stored in an office building while Eyen was preparing to move into a new residence. The district court accepted Maloney's plea and sentenced her to an underlying prison term of 6 months with 12 months' probation and ordered her to pay restitution.

After the sentencing, a hearing was scheduled to determine the proper amount of the restitution. Prior to commencement of the hearing, Maloney expressed her desire to value the household goods based on information she had gathered on eBay. However, the State objected on the ground that Maloney's information was not based on items comparable to the items taken from Eyen. The district court suggested a continuance to allow the parties time to find an independent appraiser, if possible, to value the property. However, Maloney did not desire a continuance, and she agreed to proceed with the hearing. Maloney did not proffer her eBay evidence to the district court.

Eyen was the only witness at the restitution hearing. The State introduced a three-page exhibit, prepared by Eyen, itemizing all the missing household goods. The exhibit included numerous cookbooks, sweaters, compact discs, and miscellaneous items such as steak knives, cutting boards, casserole pans, cookie sheets, baby bottles, muffin tins, cake stands, bread loaf pans, assorted plastic mixing bowls, pie pans, a Mr. Coffee iced tea maker, and a football

signed by the Denver Broncos team. Eyen placed a value on each item on the exhibit based substantially on replacement cost. She made no claim for a missing photograph album because it only had a sentimental value. Eyen requested $10,095 in total restitution. On cross-examination, Eyen was asked about the age and condition of some of the missing property. The district court also asked Eyen questions about some of the specific items of property.

After hearing the evidence, the district court adjusted the price downward for the football signed by the Denver Broncos team, the books, the sweaters, and the compact discs. The district court noted that some of the items could be replaced without having to buy them new. However, the district court adjusted the price upward for some other miscellaneous items. The district court arrived at a total restitution figure of $9,395 and ordered Maloney and her codefendant to pay this amount. Maloney timely appealed.

Maloney claims the district court erred in establishing the amount of restitution. Specifically, she argues the district court substantially adopted Eyen's testimony in establishing restitution and that Eyen's valuation of the household goods was based upon replacement cost rather than fair market value. Maloney asserts replacement cost is not the proper measure of restitution in a criminal case.

As a condition of probation in a criminal case, the district court must order restitution to the aggrieved party for the damage or loss caused by the crime, in a manner and amount determined by the court. K.S.A. 2005 Supp. 21-4610(d)(1). The district court has substantial discretion when ordering the amount of restitution. Judicial discretion is abused only when no reasonable person would take the view adopted by the court. *State v. Castro,* 22 Kan. App. 2d 152, 153-54, 912 P.2d 772 (1996). "Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination on restitution must be based on reliable evidence which yields a defensible restitution figure." 22 Kan. App. 2d at 154.

Under Kansas law, an owner of the property may express an opinion as to the value of the stolen item. *State v. Hinckley,* 13 Kan. App. 2d 417, 419, 777 P.2d 857 (1989). However, a property

crime victim is entitled to restitution only up to the amount of his or her loss. *Castro*, 22 Kan. App. 2d at 154. Generally, the fair market value of property at the time of its taking, rather than the replacement cost, is the proper measure of restitution. *State v. Rhodes*, 31 Kan. App. 2d 1040, Syl. ¶ 2, 77 P.3d 502 (2003).

In *Rhodes*, the victim produced a list of her missing personal property taken in a residential burglary. The victim's testimony concerning the value of the property was based on the replacement cost or the original purchase price of the property. The panel in *Rhodes* determined the district court did not have any basis for determining the fair market value for many of the items taken from the victim and concluded the district court abused its discretion in calculating restitution. 31 Kan. App. 2d at 1042. Maloney's case is similar to *Rhodes*. However, in *Rhodes* no argument was made that the items of personal property taken from the victim *had no readily ascertainable fair market value*. The State makes this argument in Maloney's case.

The State cites cases from other jurisdictions in which the victim's testimony regarding the purchase price or replacement cost of stolen property was used in determining the value for restitution. See *Aboyoun v. State*, 842 So. 2d 238, 240 (Fla. Dist. App. 2003) (finding the victim's testimony regarding the purchase price of jewelry and recently purchased shoes and his opinion regarding the value of other items was sufficient to establish their value for restitution purposes); *Bakos v. State*, 698 So. 2d 943, 944 (Fla. Dist. App. 1997) (finding the victim's testimony regarding the purchase price and current value of jewelry was sufficient to sustain the restitution award). In these cases, the court determined the amount of restitution by considering testimony or evidence of the purchase price, the manner in which the item was used, the condition of the item, and depreciation.

Although Kansas has no criminal cases supporting the State's argument, authority can be found in civil law. In *Kansas Power & Light Co. v. Thatcher*, 14 Kan. App. 2d 613, 797 P.2d 162, *rev. denied* 247 Kan. 704 (1990), the court was attempting to determine the value of a wooden utility pole damaged by the defendant. The court held that when measuring damages to personal property

where the item has no market value, other relevant factors must be considered such as the cost of repair, the original value, the loss of use, any special value to the owner, the loss of expected profits, and the cost of replacement. *Thatcher*, 14 Kan. App. 2d 613, Syl. ¶ 3; see also PIK Civ. 3d 171.12 (when the damaged personal property has no market value, the jury may consider original value, cost of replacement, loss of use, cost of repair, condition, age, obsolescence, and other factors presented in the evidence).

Here, it is apparent that most of the personal property taken from Eyen had no market value. Items of personal property such as a vehicle, large furniture, or major appliances have an ascertainable market value. However, there is no method to determine the market value of miscellaneous household items such as cookbooks, used clothing, and cookware, short of scouring through garage sales and thrift shops. We note the district court offered a continuance to allow the parties time to find an independent appraiser for the property, if possible, but Maloney agreed to proceed with the hearing based only on Eyen's testimony. In determining restitution, the district court considered the evidence presented by Eyen and adjusted the value of some of the items downward, and the value of some of the items was adjusted upward. The district court noted that some of the items could be replaced without having to buy them new. It appears the district court was attempting to be fair and reasonable and exercised sound discretion in awarding the total amount of restitution that was being claimed.

We are not departing from the general rule that the proper measure of restitution in a theft case is the fair market value of property at the time of its taking, rather than the replacement cost, whenever the fair market value can be ascertained. However, when there is no readily ascertainable fair market value for personal property taken in a theft, the district court may consider other factors in determining restitution, including the purchase price, condition, age, and replacement cost of the property, as long as the valuation is based on reliable evidence which yields a defensible restitution figure. Under the facts and circumstances of this case, we conclude

the district court did not abuse its discretion in determining the amount of restitution owed by Maloney.

Affirmed.