NOT DESIGNATED FOR PUBLICATION

No. 116,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN DAVID BROOKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Neosho District Court; LEO T. GENSWEIDER, judge. Opinion filed February 9, 2018. Affirmed.

*Steven C. Staker*, of Southeast Kansas Public Defender Office, of Chanute, for appellant.

*Brian P. Duncan*, special assistant county attorney, *David A. Clark*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., BRUNS, J., and STUTZMAN, S.J.

BUSER, J.:  Brian David Brooks appeals the district court's order that he pay $8,000 in restitution upon his conviction for theft of a cattle trailer. Brooks contends there was no evidentiary basis for the trial court's restitution finding. Upon our review of the restitution proceedings, the parties' briefs, and oral argument, we conclude the district court did not abuse its discretion by its order of restitution. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2000, Tim Gericke purchased a 42-foot cattle trailer for $1,500 at an estate sale held on Sharon Greve's property. Gericke bought the trailer on behalf of his recycling company, Gericke Iron & Metal, "to scrap it out for the aluminum and the steel." With Greve's permission, Gericke stored the trailer on her property for many years until Brooks stole it sometime between late December 2012 and early January 2013.

Eventually, on December 11, 2014, Brooks was charged with theft of the trailer, a severity level 9 nonperson felony in violation of K.S.A. 2012 Supp. 21-5801(a)(1) and (b)(3). On May 3, 2016, pursuant to a plea agreement, Brooks pled guilty to a reduced charge of misdemeanor theft. The district court accepted Brooks' plea and sentenced him to 12 months' probation with an underlying prison term of 12 months. Despite the plea to a misdemeanor, by agreement of the parties, full restitution for the value of the trailer was to be determined at a separate hearing.

At the June 21, 2016, restitution hearing, the State presented Gericke as its sole witness. Gericke, who had been in the recycling business for 27 years, valued the trailer at $8,000 based on his estimate of "the weight of the aluminum and the steel and . . . what we could have got out of it [at the time it was stolen]." In Gericke's opinion, the trailer contained "almost 10,000 pounds of aluminum and . . . approximately 4,000 pounds of steel." At the preliminary hearing, before the same judge who presided at the restitution hearing, Gericke had testified that, at the time of the theft, aluminum had a market value of $.80 to $.85 a pound, while steel had a value of about $160 a ton. In short, Gericke arrived at his $8,000 valuation by calculating the market value of aluminum and steel in late December 2012 through early January 2013 and applying those values to the estimated weights of aluminum and steel on the trailer.

2

On cross-examination, Gericke acknowledged that he based his weight estimates for the stolen trailer on discussions with some farmers who had provided him with weights of their cattle trailers. Gericke testified that although he had never "scrapped" a cattle trailer similar to the one that was stolen, he had weighed other trailers in the course of his business.

In Brooks' defense case, Michael Connors, a buyer for Commercial Metals Company, a scrap recycling business, testified about several transactions wherein Brooks sold him aluminum and steel from the stolen trailer. In all, there were 5 transactions, involving 2,262 pounds of aluminum, 2,480 pounds of steel, and 10 pounds of copper totaling $1,385.15. With regard to the sales price of the metals, Connors noted that different customers received different prices for metals sold to Commercial Metals Company, and he agreed that a dealer, like Greicke Iron & Metal, would typically receive a higher price for scrap metals than a vendor like Brooks. Of note, Connors was unable to provide any estimate regarding the scrap value of the stolen cattle trailer.

At the restitution hearing, Sharon Greve testified that the cattle trailer was manufactured by Fruehauf, although she was unable to recall if it had a single or double deck.

At the conclusion of the hearing, the district court found:

> "[Gericke] gave $1,500 for the trailer 12 years ago, said it was for the purposes of scrap. He's been in this business for 27 years. He came up with a value of $8,000. He came up with a figure of [10,000 pounds] of aluminum. Even Mr. Connor[s] testified and the records indicate that he paid $0.47, $0.50 a pound for this aluminum. Using those figures for 10,000 pounds, we come up with $4,700. And that's not even considering the 4,000 pounds' worth of steel.
> "... [T]he fact that [Gericke] gave 1,500 for [the trailer] is not going to be a sum to consider when you determine what the restitution is.

3

. . . .

"The receipts produced by Mr. Connor[s], that doesn't tell me that what he bought was all the weight of the aluminum from this particular stolen trailer. That just tells me what he bought from the defendant. That's not conclusive evidence that that's all the aluminum that was taken off of this trailer.

"For all those reasons, the Court doesn't have any problem accepting as reliable the testimony of the victim, Mr. Gericke, who's been doing this for 27 years, and awarding him the $8,000 as restitution."

Brooks appeals.

## DISCUSSION

On appeal, Brooks contends the district court erred when it ordered him to pay $8,000 in restitution to Gericke. Brooks argues that "[n]o reliable evidence was presented in support of Mr. Gericke's estimate of the weight of the aluminum and steel in the trailer" and, thus, "there was no factual basis for the trial court's [restitution] finding."

At the outset, a summary of Kansas law pertaining to restitution is in order. K.S.A. 2016 Supp. 21-6607(c)(2) provides that a district court that grants a defendant probation "shall order the defendant to . . . make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime." The amount of restitution and how it should be paid rests within the district court's discretion, and our court will not reverse a restitution ruling unless the district court abused its discretion. *State v. Futrell*, 53 Kan. App. 2d 272, 274, 387 P.3d 176 (2016), *rev. granted* 306 Kan. 1323 (2017). A district court abuses its discretion if (1) no reasonable person would take the view adopted by the court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The burden of establishing an abuse of discretion lies with the party asserting the error, in this case, Brooks. See *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

4

In essence, restitution provides a means for financial compensation to crime victims for their losses. See K.S.A. 2016 Supp. 21-6607(c)(2); *State v. Cox*, 30 Kan. App. 2d 407, 408-09, 42 P.3d 182 (2002). While proof of a victim's damages or loss in a criminal case does not require the same "rigidness of proof of value that lies in a civil damage suit . . . the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure." *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 (1996).

With regard to property crimes, Kansas courts have routinely measured the amount of restitution by the fair market value of the property. *State v. Hall*, 297 Kan. 709, 713, 304 P.3d 677 (2013). In those cases where the fair market value of property is impossible to calculate, however, the district court may consider the purchase price, condition, age, and replacement cost of the property in its determination of restitution. *State v. Maloney*, 36 Kan. App. 2d 711, 715, 143 P.3d 417 (2006).

In this case, Brooks contends the district court's "$8,000 restitution order was not supported by reliable evidence and . . . the $8,000 requested by the State was not a defensible restitution figure." Brooks attacks Gericke's valuation of the trailer with regard to his estimates of the weights of the metals and the scrap value of the trailer. Brooks claims there was no evidence to support Gericke's estimate that the trailer contained 10,000 pounds of aluminum and 4,000 pounds of steel. He also complains that Gericke based his weight estimates primarily on the unreliable statements of farmers who had similar trailers.

The State responds that the owner of property is presumed to know its value and the owner's opinion of its value is competent and may be considered by the trier of fact. See *Ultimate Chem. Co. v. Surface Transp. Int'l, Inc.*, 232 Kan. 727, Syl. ¶ 4, 658 P.2d 1008 (1983); *State v. Button*, No. 111,379, 2015 WL 1882146, at *4 (Kan. App. 2015) (unpublished opinion). To this end, the State points out that, at the time of the restitution

5

hearing, Gericke had 27 years' experience in the recycling industry, spoke to farmers about the weight of their own trailers and, in the course of his business, weighed trailers of a similar size. The State also emphasizes that both Gericke and Connors agreed that recycling businesses—like Gericke Iron & Metal—often receive higher values for the same metals than individual sellers—like Brooks.

In our independent review of the lengthy testimony presented during the restitution hearing, we have applied the law as articulated by our Supreme Court:

> "The appropriate amount [of restitution] is that which compensates the victim for the actual damage or loss caused by the defendant's crime. And the most accurate measure of this loss depends on the evidence before the district court. As long as the requisite causal connection exists, and 'the [district] court's determination of restitution [is] based on reliable evidence' that 'yields a defensible restitution figure,' we will uphold the district judge's discretionary decision. [Citations omitted.]" *Hall*, 297 Kan. at 713-14.

We are persuaded that Brooks has not shown an abuse of discretion in this case because the testimony and exhibits presented at the restitution hearing were based on sufficiently reliable evidence that resulted in a defensible restitution amount. First, as the owner of the stolen trailer, Gericke was presumed to know its value and his opinion was competent evidence for the district court to consider. "The owner of property is presumed to know its value and his opinion of its value is competent." 232 Kan. 727, Syl. ¶ 4.

Second, it is apparent from the district court's findings that it gave considerable weight to Gericke's expert opinion as to the scrap value of the metals in the stolen trailer because of his 27 years' experience in the commercial recycling business. As an appellate court, we do not reweigh evidence or make determinations regarding credibility. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

Third, Gericke provided support for his valuation opinions. In particular, he compared and contrasted his trailer with four other cattle trailers for sale on Craigslist. With regard to the weight of the trailer, although Gericke never actually weighed it, he had weighed other trailers in the course of his business. Moreover, without objection, Gericke testified that he had spoken with farmers regarding the weights of their trailers. Based on his experience weighing trailers for scrap and conversing with farmers who owned trailers, Gericke formulated a defensible estimate of the stolen trailer's weight in aluminum and steel. Gericke's valuation opinions were also buttressed by his recognition that the sheet aluminum on the stolen trailer was a 5454 alloy, which he testified is more valuable than other types of aluminum.

Finally, considered together, the testimony of Gericke and Connors countered Brooks' suggestion that Gericke overvalued the metals in the trailer. Both Gericke and Connors discussed the unique marketplace for scrap and recycled materials which is predicated on a negotiated pricing structure. Connors agreed that a commercial dealer, like Gericke, would normally receive a higher value for the same metals than an individual seller like Brooks. Moreover, Connors did not dispute Gericke's valuation opinion or present his own lower valuation.

We conclude that the evidence presented at the restitution hearing was sufficiently reliable that a defensible restitution figure was established. The district court did not abuse its discretion in its determination that $8,000 in restitution appropriately compensated Gericke for the value of his stolen cattle trailer.

Affirmed.