NOT DESIGNATED FOR PUBLICATION

No. 118,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALBERT RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 14, 2018. Vacated and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM:  Albert Rodriguez pled guilty to fleeing or attempting to elude an officer after he crashed a Chevrolet Suburban into a house while attempting to flee from police. On appeal, Rodriguez contends the amount of restitution awarded for the loss of the vehicle is not supported by the evidence because the State failed to present evidence of the fair market value of the car at the time it was taken. We agree with Rodriguez and vacate the portion of the restitution order relating to the vehicle and remand to the district court for further proceedings.

1

While driving a Chevrolet Suburban belonging to S.G.-M., Rodriguez fled from police, lost control of the vehicle, and crashed it into the front porch of a house. The vehicle was destroyed. As part of a plea agreement, the State dropped a theft charge that alleged Rodriguez had stolen the vehicle from S.G.-M. in exchange for a guilty plea on a charge of attempting to elude an officer. The plea agreement addressed restitution and stated that Rodriguez agreed to pay restitution to S.G.-M. for the Suburban in "[a] reasonable amount to be determined by the time of sentencing."

At sentencing, Rodriguez asked the court to follow the plea agreement. However, the parties disagreed about the amount of restitution the State requested for S.G.-M. No testimony was provided nor was any documentary evidence presented to support the State's restitution request for S.G.-M.

The prosecutor stated that he had spoken to S.G.-M. through an interpreter, and S.G.-M. claimed that he paid $3,400 for the Suburban a year and a half earlier. The prosecutor told the court that that he researched the National Automobile Dealers Association (NADA) guidelines value for the vehicle, and it showed a value of $2,500 to $6,500 for the same year, make, and model. The State requested restitution in the amount of $3,400 because the vehicle was believed to be a total loss.

Defense counsel acknowledged that Rodriguez would be required to pay restitution for the vehicle if the amount of restitution was proven. However, counsel pointed out that there was no evidence presented regarding the actual value of the vehicle, including the actual purchase price or the condition of the vehicle prior to the accident. Defense counsel complained that

"SG-M isn't here today to even testify about, you know, if the exhaust systems were working, if the engine was working, you know. There are all sorts of things that can go into it.

"The fact that this vehicle moved and can run from the cops doesn't mean it's a $2500 vehicle."

Defense counsel also suggested that S.G.-M. could pursue the matter through small claims court where S.G.-M. could present evidence about the vehicle's actual value with proper documentation.

The district court asked the State whether it wished to present evidence regarding the vehicle's value, and the State responded that it would prefer to resolve the restitution issue that day and leave the amount to the court's discretion. Defense counsel said it trusted the State regarding the NADA value of the vehicle, but he did not know "if we can cross apply that to this vehicle."

The district court sentenced Rodriguez to 12 months' probation with an underlying sentence of 13 months in prison to be served if he did not successfully complete his probation. The court ordered restitution in the amount of $2,650 for damage to the victim's house, an amount which is not being appealed by Rodriguez. The court also ordered Rodriguez to pay $3,400 in restitution for the Suburban. The court reasoned that Rodriguez' actions caused the loss of S.G.-M.'s vehicle. The judge further stated:

"I know there were issues with regard to that vehicle. They've been explained pretty well here on the record. The problem that I have is this person drove this vehicle until the time you took it. At that point that person is left without a vehicle, and despite some of the questions about ownership or value, they are now without a vehicle."

Rodriguez has timely appealed from the district court's restitution order as to S.G.-M.'s Suburban.

3

On appeal, Rodriguez' sole contention is that the district court's restitution order was not supported by sufficient evidence because it was based solely on comments made by the State at sentencing. He asserts the court improperly relied on the State's arguments in setting that amount, and there is insufficient evidence in the record to determine the fair market value of the vehicle. The State counters that reliable evidence supports the amount of restitution because Rodriguez agreed to pay restitution in a reasonable amount as part of the plea agreement.

We review the method and the amount of restitution under an abuse of discretion standard. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). A judicial action constitutes an abuse of discretion if: (1) no reasonable person would take the view adopted by the district court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Rodriguez bears the burden of showing such an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

A restitution award includes the damage or loss caused by the defendant's crime. K.S.A. 2017 Supp. 21-6604(b)(1). An award is appropriate when the district court finds a causal connection between the crime and the resulting damage. *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993). As applied here, the district court can order the defendant to "make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime" as a condition of probation. K.S.A. 2017 Supp. 21-6607(c)(2).

In cases where there is a loss of property, the fair market value at the time of the loss—rather than the replacement cost of the property—is generally the standard used to determine the amount of restitution. *State v. Hall*, 297 Kan. 709, 713, 304 P.3d 677

(2013); *State v. Maloney*, 36 Kan. App. 2d 711, 714, 143 P.3d 417 (2006). If the property lacks a fair market value that is easily determined by the district court, the court may consider other factors such as the purchase price, condition, age, and replacement cost of the property. 36 Kan. App. 2d at 715. But the amount of restitution should not exceed the reasonable market value of the property immediately before the damage. *State v. Phillips*, 45 Kan. App. 2d 788, 795, 253 P.3d 372 (2011); *State v. Rhodes*, 31 Kan. App. 2d 1040, 1042-43, 77 P.3d 502 (2003) (reversing order of restitution because it was based on replacement value rather than fair market value).

The amount of restitution ordered for the Suburban was apparently based solely on the State's indication of how much S.G.-M. indicated that he paid for the vehicle about 18 months prior to the accident. No testimony was given at the sentencing hearing regarding the value of the vehicle at the time of the accident, and no documentation was submitted to the district court to support the State's assertion of the vehicle's value.

The district court's determination of restitution "must be based on reliable evidence which yields a defensible restitution figure." *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 3, 56 P.3d 202 (2002). And the State has the duty to present sufficient evidence to prove the amount of restitution. See *State v. Cox*, 30 Kan. App. 2d 407, Syl. ¶ 1, 42 P.3d 182 (2002). A district court abused its discretion if it enters an order of restitution without any evidence to support it. *State v. Cole*, 37 Kan. App. 2d 633, 637, 155 P.3d 739 (2007). Arguments and statements made by counsel do not constitute evidence. 37 Kan. App. 2d at 636-37 (finding abuse of discretion when district court relied solely on State's representations when setting amount of restitution); see *State v. Reser*, 244 Kan. 306, 316, 767 P.2d 1277 (1989).

Rodriguez compares the facts of his case to that in *State v. Hafner*, No. 107,196, 2012 WL 4795628 (Kan. App. 2012) (unpublished opinion). In *Hafner*, a panel of this court vacated an award of restitution for the loss of a vehicle because the State failed to

present sufficient evidence on which the court could rely to support its order of restitution. The panel found that "[t]here is no evidence in the record of the condition of the pickup truck at the time of the theft or the number of miles the truck was driven in the 4 years between the time it was purchased and the time it was stolen." 2012 WL 4795628, at *2.

The State attempts to distinguish this case from *Hafner* on the basis that Rodriguez agreed to pay restitution in a reasonable amount. We note that Hafner also agreed to pay restitution, but the State asserts that the defendant in *Hafner* merely agreed that the State would seek restitution for the value of the stolen vehicle. The State finds significance in the fact that Rodriguez agreed to pay restitution in a reasonable amount. The State claims that its statements regarding the value of the vehicle should have sufficed under these circumstances. We disagree. We do not see Rodriguez' agreement to pay restitution for the vehicle in a reasonable amount as an agreement that relieved the State of its duty to present evidence of the vehicle's value in order to determine that reasonable amount.

In the plea agreement, the parties contemplated two separate restitution awards. First, Rodriguez agreed to pay the victim $2,650, and he is not challenging that portion of the restitution order. Rodriguez also agreed to pay restitution to S.G.-M. in "[a] reasonable amount to be determined by the time of sentencing." But the amount of restitution due S.G.-M. had not been determined by the time of sentencing as evidenced by the parties' arguments at sentencing.

Here, the record reveals that the State failed to present any evidence to support the amount of restitution ordered by the district court. Although the parties agreed that Rodriguez would pay a "reasonable amount," it follows that the State would need to present evidence regarding what would constitute a reasonable amount. Instead of presenting evidence of the vehicle's value at the time of the accident, the State merely relied on a conversation with S.G.-M. regarding the purchase price of the vehicle and the

6

State's own research regarding the range of value of the Suburban. And we note the State's citation to the NADA guidelines produced a $4,000 range (from $2,500 to $6,500), hardly a precise measure of this particular Suburban's value. In short, the State did not present any documentation or testimony supporting its assertions. There is no evidence in the record of the condition of the vehicle at the time of the accident.

We conclude that the State failed to present sufficient reliable evidence to support the district court's award of restitution. But we do note that as part of the plea agreement, Rodriguez agreed to pay restitution to S.G.-M. in a reasonable amount. Accordingly, we vacate the restitution order and remand this matter to the district court for further proceedings to determine an appropriate amount of restitution by utilizing the proper standards.

Vacated and remanded with directions.