NOT DESIGNATED FOR PUBLICATION

No. 123,139

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN ROYAL ZINK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed December 30, 2021. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: Justin Royal Zink pled no contest to possession of stolen property after he bought a stolen truck. The owner of the truck was unable to recover the truck and his insurance did not cover the entire amount remaining on his loan. The district court ordered Zink to pay restitution to make up the difference. Because it is unclear how the amount of restitution was determined and because Zink failed to properly preserve this issue for appeal, we decline to address the amount of restitution awarded. We also find, contrary to Zink's position on appeal, that there was a causal link between the owner's loss and the theft, so an order of restitution was appropriate. And finally, our Supreme Court has recently determined that Kansas restitution statutes as they relate to the

1

assessment of restitution in a criminal case do not violate the Kansas Constitution Bill of Rights or the United States Constitution. So we affirm the district court judgment in its entirety.

FACTUAL AND PROCEDURAL HISTORY

Zink pled no contest to possession of methamphetamine with intent to distribute and possession of a stolen Ford pickup truck. The State proffered, in part, that Zink obtained control of the stolen pickup in August 2020, knowing that it had been stolen by another person, while having the intent to permanently deprive the owner of the pickup the benefit and use of the property.

At sentencing, the owner of the stolen truck testified that he bought the truck shortly before it was stolen and that his insurance company did not cover the entire amount remaining on his loan. The State requested $11,153.86 in restitution to be paid to the owner of the stolen truck.

The district court sentenced Zink to a controlling sentence of 22 months' imprisonment but granted Zink 18 months of probation. The court ordered that he pay $11,153.86 in restitution. The restitution order matches the amount set out in the victim impact statement.

In supporting documents, the owner explained that his gap insurance did not cover the truck because it was insured under a commercial policy. The documents showed that there was $10,446.78 left on the balance of the truck after insurance made its payment.

In a separate document, the insurance company listed the actual cash value of the truck, plus license and registration fees, as $49,751.04. The document lists the "[s]ubtotal" as the same number, with a line stating "[l]ess [d]eductible $500.00"

2

immediately under it. But the total settlement is also listed as the same number, $49,751.04. The owner then handwrote the $500 deductible leading to a net payment by the insurance company of $49,251.04. The bank statement showing the insurance payment on the loan showed that the insurance payment was $49,251.04. Finally, in another handwritten addition to a document, the victim notes that he paid a $500 deductible for his tools and personal items in the truck when it was stolen.

Zink timely appeals.

ANALYSIS

On appeal, Zink raises several issues all of which relate to restitution. First, he argues that the district court erred in ordering that he pay $11,153.86 in restitution because the State only established $10,153.86 in loss. Second, he argues that the district court erred in ordering him to pay restitution for all of the truck owner's losses because his possession did not cause the loss. Third, he argues that the district court erred in ordering that he pay any deductible related to replacing the owner's personal items. Finally, he argues that he was entitled to a jury trial on the issue of restitution.

*Zink failed to preserve the issue of the amount of restitution for review on appeal.*

In general, "the appropriate measure of restitution to be ordered is the amount that reimburses the victim for the actual loss suffered." *State v. Hand*, 297 Kan. 734, 738, 304 P.3d 1234 (2013). Appellate courts review the "'amount of restitution and the manner in which it is made to the aggrieved party'" for abuse of discretion. *State v. Martin*, 308 Kan. 1343, 1349, 429 P.3d 896 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

3

Zink argues that the district court ordered him to pay too much restitution because the truck owner miscalculated the amount he had to pay after the insurance payment and because there was no causal connection between the loss of the personal items and the theft of the truck. But he did not make either argument before the district court.

In the past, this court has not addressed the restitution amount for the first time on appeal unless an exception to the general rule applies. See *State v. Barton*, No. 106,219, 2012 WL 6734509, at *4 (Kan. App. 2012) (unpublished opinion) (declining to apply first preservation exception on appeal because claim depended on disputed fact not determined below—whether damaged door had fair market value).

Zink argues that two exceptions to the general rule apply here— (1) that the issue is a legal question which arises on proved or admitted facts and would assist in the final determination of the case and (2) that considering the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Nevertheless, even if an exception is invoked, "[t]he decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so. [Citations omitted.]" *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

We disagree that any exceptions to the general rule apply here.

Without clarification and a specific factual finding by the district judge, it is impossible for us to determine whether the restitution amount ordered by the court was an abuse of its discretion without making assumptions about the calculation. The court did not outline what the restitution amount was meant to include.

A simplistic look at the calculation, as suggested by the State, would be that the owner received a $60,364.90 loan for the truck just a couple months before its theft and

4

was reimbursed $49,251.04 by the insurance company, for a total loss of $11,113.86. The victim requested $11,153.86. It is not perfectly clear whether that amount included a $500 deductible the owner had taken out of his insurance payout for the stolen truck, as well as a $500 deductible for the personal items stolen, for a total of $12,153.86 or if the $11,153.86 included those amounts—although it is tempting to make that assumption. So the amount awarded was conceivably up to $1,000 less than requested or $40 more than the simplistic view of the loss asserted by the State. On the other hand, Zink argues that the $1,000 difference is clearly attributable to the inclusion of two $500 deductibles that should not have been included—even though he claims, for the first time on appeal, that there was no evidence to support such a calculation.

In a related issue, because Zink was not convicted of stealing or possessing any of the personal items in the truck, he argues that the district court erred when it included in the restitution order the $500 deductible the owner was required to pay for the loss of those personal items. That may be correct, but without a detailed order explaining the restitution calculation we cannot assume that the district court ordered any payment related to the loss of the owner's tools.

It is this type of confusion that is behind the requirement that parties raise issues regarding restitution before the district court—and that parties object to inadequate detailed findings regarding restitution to give the district court an opportunity to clarify its findings. *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017) (finding that when no objection is made to a district court's findings of fact or conclusions of law due to inadequacy, an appellate court can presume the district court found all facts necessary to support its judgment); see also *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 3, 56 P.3d 202 (2002) (finding that a restitution figure must merely be defensible based on reliable evidence).

5

As our Supreme Court recently warned, "[a]n appellate court abuses its discretion when invoking an exception to the general rule against addressing an issue for the first time on appeal if consideration of the unpreserved issue would require the court to make factual findings . . . ." *State v. Allen*, 314 Kan. 280, Syl. ¶ 5, 497 P.3d 566 (2021). Such is the case here.

The same hurdle stands in front of Zink in arguing that considering the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights. We see no obvious denial of fundamental rights here. Absent any specific statement of the method of calculation of the restitution amount ordered here, reliable evidence supports the district court's order. A restitution figure must merely be defensible based on reliable evidence. *Hunziker*, 274 Kan. 655, Syl. ¶ 3.

Zink also argues that he believes the restitution amount was a clerical error and that under K.S.A. 2020 Supp. 22-3504(b) it can be corrected at any time. Under K.S.A. 2020 Supp. 22-3504(b), "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." But the statute is intended to be used to correct "minor clerical errors." *State v. Sheets*, 60 Kan. App. 2d 378, 379, 494 P.3d 168 (2021). This alleged error cannot be described as a minor clerical error when Zink is asking this court to recalculate his restitution payment, as opposed to something like correcting a transposed number.

Accordingly, we find that Zink has failed to properly preserve his objection to the restitution amount on appeal.

*There was a causal link between Zink's possession of the stolen vehicle and the owner's loss, so the district court did not err in ordering Zink to pay restitution for the loss.*

For his second issue on appeal, Zink argues that the district court erred when it ordered him to pay restitution because there was not a causal link between his possession of the stolen vehicle and the owner's loss.

Kansas law requires that any restitution a defendant is ordered to pay must be based on "damage or loss" caused by the crime. K.S.A. 2020 Supp. 21-6604(b)(1). Thus, there must be a causal link between the defendant's crime and the victim's damages. *State v. Alcala*, 301 Kan. 832, 837, 348 P.3d 570 (2015). But there is no requirement that the defendant's crime directly cause the victim's damages. *Hand*, 297 Kan. at 739.

To satisfy the causal link requirement, there must be cause-in-fact and legal cause. Cause-in-fact requires proof that "it is more likely than not that, but for the defendant's conduct, the result would not have occurred." *State v. Smith*, 56 Kan. App. 2d 1205, 1207, 443 P.3d 360 (2019), *rev. denied* 311 Kan. 1049 (2020). Legal causation limits a defendant's liability by requiring it to be foreseeable that the defendant's conduct created a risk of harm and that the result of that conduct and any contributing causes were foreseeable. 56 Kan. App. 2d at 1207-08.

This court has addressed an argument like the one that Zink makes in *Smith*. In *Smith*, the defendant was charged with, and pled no contest to, possession of stolen property after he was found possessing the victim's scooter. The district court ordered Smith to pay restitution for the actual cost of the scooter. On appeal, Smith argued that he should not have to pay restitution because, had the highway patrol returned the scooter to the owner rather than having it towed, and had the scooter not then been stolen from the towing company, the owner could have received the scooter back.

7

This court found Smith's argument unpersuasive, noting that Smith "was convicted of 'obtaining control over stolen property or services knowing the property or services to have been stolen by another' with 'intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services.'" 56 Kan. App. 2d at 1209 (quoting K.S.A. 2015 Supp. 21-5801[a][4]). And because Smith "had the intent to permanently deprive [the owner] of possession, use, or benefit of his scooter, it was foreseeable to Smith that [the owner] would not ever see his scooter again." 56 Kan. App. 2d at 1209.

The situation is similar here. Zink was found guilty of possession of stolen property—in essence he was convicted of obtaining control over property knowing that the property was stolen while also having the intent to permanently deprive the owner of the property. When reviewing a restitution order, we review a district court's factual findings relating to the causal link between the crime committed and the victim's loss for substantial competent evidence. See *State v. Arnett*, 307 Kan. 648, Syl. ¶ 3, 413 P.3d 787 (2018). There was substantial competent evidence to support the district court's conclusion that there was a causal link between Zink's crime and the owner's loss. See *Smith*, 56 Kan. App. 2d at 1208-09.

*Zink was not entitled to a jury trial on the issue of restitution.*

For his final issue on appeal, Zink argues that he had both a state and federal constitutional right to a jury trial on the issue of restitution. After briefing in this case, our Supreme Court issued its decision in *State v. Arnett*, 314 Kan. 183, 196, 496 P.3d 928 (2021), finding the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine restitution in a criminal case. It further found that Kansas restitution statutes do not violate the Sixth Amendment right to a jury trial under the United States Supreme Court pronouncement in *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny. *Arnett*, 314 Kan. 183,

Syl. ¶ 1. We are duty-bound to follow Kansas Supreme Court precedent absent some indication of a departure from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Accordingly, Zink's constitutional argument fails.

Affirmed.